for the

Southern District of West Virginia

In the Matter of the Search of  )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
  ) Case No. 2:20-mj-00042
One Grey Samsung Galaxy Note 8, IMEI 358503082836264, )
Currently Located at the Kanawha County Sheriff's Office in )
Charleston, WV )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the _____Southern_____ District of _____West Virginia_____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 2423(b) | Travel with Intent to Engage in Illicit Sexual Conduct |

The application is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

James L. Harrison II, Special Agent, FBI
*Printed name and title*

by telephonic means.
Sworn to before me ~~and signed in my presence.~~

Date: Mar 31, 2020

*Judge's signature*

City and state: Charleston, West Virginia

Dwane L. Tinsley, United States Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF ONE GREY SAMSUNG GALAXY NOTE 8 CELLULAR PHONE, IMEI 358503082836264, CURRENTLY LOCATED AT THE KANAWHA COUNTY SHERIFF'S OFFICE IN CHARLESTON, WV | Case No. 2:20-mj-00042 |

## AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE

I, James L. Harrison II, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property— a Samsung Galaxy Note 8, as further described in Attachment A—which is currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

2. I am a Special Agent of the Federal Bureau of Investigation ("FBI"), and have been since October 2014. My initial training consisted of a twenty-week FBI new agent course during which I received instruction on various aspects of federal investigations, including the investigation of child pornography and child exploitation cases. Prior to working for the FBI, I was employed by Verizon, in Huntington, West Virginia, as a systems technician installing high capacity data circuits for businesses from 2005 to 2010. In 2010, I was hired by the FBI as an electronics technician. In that capacity I worked on the FBI's security systems and data network

until becoming a Special Agent. I am currently assigned to the Pittsburgh Division and stationed at the Charleston Resident Agency in Charleston, West Virginia. As part of my current assignment, I am co-coordinator of the FBI Violent Crimes Against Children (VCAC) Task Force. I have been assigned to the VCAC Task Force since approximately 2015, and as such have been the affiant on numerous search warrants.

3. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter. The probable cause statement is based upon information of which I am personally aware as well as information that has been conveyed to me by other law enforcement officers.

## IDENTIFICATION OF THE DEVICE TO BE EXAMINED

4. The property to be searched is one grey Samsung Galaxy Note 8, IMEI 358503082836264, hereinafter the "Device." The Device is currently located at the Kanawha County Sheriff's Office in Charleston, West Virginia.

5. The applied-for warrant would authorize the forensic examination of the Device for the purpose of identifying electronically stored data particularly described in Attachment B.

## STATUTES UNDER INVESTIGATION

6. The investigation concerns violations of Title 18, United States Code, Sections 2423(b) and (e) relating to matters involving travel in interstate commerce for the purpose of engaging in illicit sexual conduct with a minor.

## PROBABLE CAUSE

7. On or about Thursday, February 27, 2020, a law enforcement employee was acting in an undercover capacity ("UCO"). In that role, the UCO had posted an advertisement on Craigslist indicating she was a mother located in Huntington, West Virginia, with two daughters.

2

A person later identified as MAKEL ELBOGHDADY responded to the Craigslist ad and supplied a phone number. The UCO responded to ELBOGHDADY via text message.

8. During the course of the messages, the UCO indicated that she was a mother with two daughters, aged 11 and 13. ELBOGHDADY expressed interest in meeting up with the UCO and her daughters to engage in sexual activity with either the girls and the UCO or just the girls. The UCO indicated that she was not sexually interested in men, and ELBOGHDADY then agreed to just meet up for purposes of sexual activity with the girls. He specifically expressed interest in the 11-year-old girl, whom the UC had stated was a virgin.

9. It was agreed that ELBOGHDADY would bring condoms to the meeting so that neither girl would accidentally get pregnant. ELBOGHDADY and the UCO agreed to meet in person first before she would take ELBOGHDADY to meet the two minors. The meeting was set for a location in Pullman Square, Huntington, Cabell County, West Virginia, at approximately 7 p.m. on February 28, 2020.

10. ELBOGHDADY, who traveled from the Columbus, Ohio, area to the meeting location in Huntington, arrived and met with the UCO. During a recorded conversation, ELBOGHDADY and the UCO engaged in further discussion about the sexual activity that ELBOGHDADY wanted to engage in with both the 11 and 13 year old girls, specifically sexual intercourse. At the end of the conversation, ELBOGHDADY and the UCO left the location to purportedly travel to meet the minor girls. Upon leaving the meeting location, ELBOGHDADY and the UCO were arrested by law enforcement. ELBOGHDADY had purchased condoms and brought them with him.

11. The Device came lawfully into the FBI's possession as part of a search incident to ELBOGHDADY's arrest on February 28, 2020. The Device is currently in the lawful possession

3

of the Kanawha County Sheriff's Office in Charleston, Kanawha County, West Virginia. Therefore, while law enforcement might already have all necessary authority to examine the Device, I seek this additional warrant out of an abundance of caution to be certain that an examination of the Device will comply with the Fourth Amendment and other applicable laws.

12. The Device is currently in storage at the Kanawha County Sheriff's Office in Charleston, West Virginia, and was previously stored at the Raleigh County Sheriff's Office in Beckley, West Virginia. In my training and experience, I know that the Device has been stored in a manner in which its contents is, to the extent material to this investigation, in substantially the same state as it was when the Device first came into the possession of law enforcement.

### TECHNICAL TERMS

13. Based on my training and experience, I use the following technical terms to convey the following meanings:

   a. Wireless telephone: A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing

    dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

b. GPS: A GPS navigation device uses the Global Positioning System to display its current location. It often contains records the locations where it has been. Some GPS navigation devices can give a user driving or walking directions to another location. These devices can contain records of the addresses or locations involved in such navigation. The Global Positioning System (generally abbreviated "GPS") consists of 24 NAVSTAR satellites orbiting the Earth. Each satellite contains an extremely accurate clock. Each satellite repeatedly transmits by radio a mathematical representation of the current time, combined with a special sequence of numbers. These signals are sent by radio, using specifications that are publicly available. A GPS antenna on Earth can receive those signals. When a GPS antenna receives signals from at least four satellites, a computer connected to that antenna can mathematically calculate the antenna's latitude, longitude, and sometimes altitude with a high level of precision.

c. Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

    d. Computer: As defined in 18 U.S.C.§ 1030(e)(1), means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device.

14. Based on my training, experience, and research, I know that the Device has capabilities that allow it to be used to send and receive the emails and text messages exchanged between the UC and ELBOGHDADY. Cellular phones also frequently can serve as a GPS navigation system or otherwise record GPS or location data. Cell phones can serve as electronic media storage devices. In my training and experience, examining data stored on devices of this type can also uncover, among other things, evidence that reveals or suggests who possessed or used the device.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

15. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

16. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Devices were used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the Devices because:

6

a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file). Web browsers, e-mail programs, and chat programs store configuration information on the storage medium that can reveal information such as online nicknames and passwords.

b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d. The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

f. I know that when an individual uses an electronic device to communicate with a minor in order to arrange to meet the minor for purposes of sexual activity, the individual's electronic device will generally serve both as an instrumentality for committing the crime and also as a storage medium for evidence of the crime. The electronic device is an instrumentality of the crime because it is used as a means of committing the criminal offense. The electronic device is also likely to be a storage medium for evidence of crime. From my training and experience, I believe that an electronic device used to commit a crime of this type may contain: data that is evidence of how the electronic device was used; data that was sent or received; and other records that indicate the nature of the offense.

17. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the devices consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant. The Device also has been locked using a passcode which is currently unknown to law enforcement; the examination, therefore, may also include the use of computer programs or other devices to bypass the passcode or otherwise access the material located on the Device.

18. *Manner of execution.* Because this warrant seeks only permission to examine devices already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

19. I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the Devices described in Attachment A to seek the items described in Attachment B.

Respectfully submitted,

JAMES L. HARRISON, II
Special Agent
FEDERAL BUREAU OF INVESTIGATION

Subscribed and affirmed via telephonic means on this 31st day of March, 2020:

DWANE L. TINSLEY
UNITED STATES MAGISTRATE JUDGE

9

## **ATTACHMENT A**

The property to be searched is one grey Samsung Galaxy Note 8 cell phone, IMEI 358503082836264, hereinafter "the Device." The Device is currently located at the Kanawha County Sheriff's Office in Charleston, West Virginia.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

1. All records on the Devices described in Attachment A that relate to violations of 18 U.S.C. §§ 2423(b) and (e) or sexual activities related to minors and involve Makel ELBOGHDADY, including:

    a. any and all communications between ELBOGHDADY and any minors, purported minors, or adults with access to minors or purported minors;

    b. any and all records related to ELBOGHDADY's use of Craigslist as relates to sexual activity, including records of any postings by ELBOGHDADY, posts to which he responded, searches he conducted for posts, and history of posts viewed;

    c. any and all communications between ELBOGHDADY and any other person via email, text message, SMS message, MMS message, or a messaging service within a specific application or website, where such communications involve discussions related to meeting the other user in person for any purpose, including but not limited to engaging in sexual activity;

    d. any GPS or location data indicating the location of the Device at any time on February 28, 2020.

2. Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

3. As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored,

including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.